**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
Case No: 5:26-cv-2101

VICTORIA SILVA,
*individually and on behalf of all those similarly situated,*

**Plaintiff,**

v.

NRA GROUP, LLC,

**Defendant.**

______________________________________/

**CLASS ACTION COMPLAINT**

Plaintiff Victoria Silva ("Plaintiff"), *individually and on behalf of all those similarly situated*, sues NRA Group, LLC ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA").

**JURISDICTION AND VENUE**

1. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the FDCPA.

2. This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Bexar County, Texas.

3. Venue of this action is proper in this Court because, the cause of action alleged below arose in Bexar County, Texas.

**PARTIES**

4. Plaintiff is a natural person, and a citizen of the State of Texas, residing in Bexar County, Texas.



LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

5. Defendant is a Pennsylvania limited liability company, with its principal place of business located in Harrisburg, Pennsylvania.

## DEMAND FOR JURY TRIAL

6. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

7. On or about January 9, 2026, Defendant began attempting to collect an alleged debt from Plaintiff (the "Consumer Debt").

8. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the creditor of the Consumer Debt and Plaintiff (the "Subject Service").

9. The Subject Service was primarily for personal, family, or household purposes.

10. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

11. Defendant is a business entity engaged in the business of collecting consumer debts.

12. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

13. As such, Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

### The Unlawful Communications

14. On or about January 9, 2026, Defendant began attempting to collect the Consumer Debt from Plaintiff by sending Plaintiff a collection communication (the "First Collection Communication").


LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

15. On or about January 14, 2026, (labeled as "Wednesday 11:34 PM" in Exhibit A hereto) Plaintiff sent Defendant a communication informing Defendant that Plaintiff refused to pay the Consumer Debt (the "Refusal Notice").

16. A screenshot of the "Refusal Notice" is attached hereto as "Exhibit A."

17. Upon information and belief, the Refusal Notice was delivered to Defendant on January 14, 2026.

18. On or about January 19, 2026, (labeled as "10:08 AM" in Exhibit A hereto) despite receiving the Refusal Notice, Defendant sent Plaintiff another collection communication in an attempt to collect the Consumer Debt (the "Second Collection Communication"). *See Exhibit A*

19. The Second Collection Communication stated: "NRA Group, a Debt Collector: We understand that setbacks happen. Visit www.nrag.us/52537370 to pay or call 800-773-4503 for help."

## CLASS ALLEGATIONS

### PROPOSED CLASS

20. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff, individually and on behalf of all other similarly situated persons as a class action. Plaintiff seeks to represent the below-defined Class.

21. The **"Class"** consists of [1] all consumers with United States addresses [2] that were sent a collection communication [3] from and/or by Defendant, or someone on Defendant's behalf [4] in an attempt to collect a debt [5] during the twelve (12) months preceding the filing of this Class Action Complaint [6] whereby said collection communication was sent to the consumer *after* the consumer notified Defendant that they refused to pay the debt being collected.

22. Defendant and its employees or agents are excluded from the Class.



**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

23. Plaintiff does not know the number of members in the Class but believes the members of the Class to be in the several thousands, if not more.

## Numerosity

24. Upon information and belief, Defendant has sent thousands of debt collection communications to consumers throughout the United States after the consumer Defendant of their refusal to pay. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

25. The exact number and identities of members of the Class are unknown at this time and can be ascertained only through discovery. Identification of each member of the Class is a matter capable of ministerial determination from Defendant's records.

## Common Questions of Law and Fact

26. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: **[1]** Whether Defendant sent a collection communication to Plaintiff and members of the Class in an attempt to collect a debt; **[2]** Whether Defendant is a debt collector; **[3]** Whether Defendant, by and through said collection communications, violated the FDCPA; **[4]** Whether Defendant is liable for damages, and the amount of such damages; and **[5]** Whether Defendant should be enjoined from such conduct in the future.

27. The common questions in this case are capable of having common answers. If Plaintiff's claims that Defendant routinely sends debt collection communications to consumers that violate the FDCPA are accurate, Plaintiff and members of the Classes will have identical claims capable of being efficiently adjudicated and administered in this case.



**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

## TYPICALITY

28. Plaintiff's claims are typical of the claims of the members of the Class, as they are all based on the same factual and legal theories.

## PROTECTING THE INTERESTS OF THE CLASS MEMBERS

29. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

## SUPERIORITY

30. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Class prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation.

31. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.



LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692c(c)**
***(For Plaintiff and the Class)***

32. Plaintiff, individually and on behalf of the FDCPA Class, incorporates by reference paragraphs 7-31 of this Class Action Complaint as though fully stated herein.

33. Pursuant to 15 U.S.C. § 1692c(c), "if a consumer notifies a debt collector in writing that the consumer *refuses to pay*, the debt collector *shall not communicate further* with the consumer with respect to such debt." 15 U.S.C. § 1692c(c) (emphasis added).

34. On or about January 14, 2026, Defendant was notified in writing, by and through the Refusal Notice, that Plaintiff refused to pay the Consumer Debt.

35. The Refusal Notice stated: "I refuse to pay for this account or any accounts associated with your company."

36. As such, Defendant knew that it was notified by Plaintiff that Plaintiff refused to pay the Consumer Debt. Despite knowing this, Defendant communicated with and/or contacted Plaintiff, by and through the Second Collection Communication, in an attempt to collect the Consumer Debt.

37. Accordingly, Defendant violated 15 U.S.C. § 1692c(c) by communicating directly with Plaintiff in connection with the collection of the Consumer Debt via the Second Collection Communication.

**PRAYER FOR RELIEF**

38. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;


LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

(b) Statutory damages as provided by 15 U.S.C. §1692k;

(c) An order declaring that Defendant's actions, as set out above, violate 15 U.S.C. § 1692c(c);

(d) An injunction requiring Defendant to comply with 15 U.S.C. § 1692c(c);

(e) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

(f) Any other relief that this Court deems appropriate under the circumstances.

DATED: March 30, 2026

Respectfully Submitted,

/s/ Zane C. Hedaya .
**ZANE C. HEDAYA, ESQ.**
Texas Bar No.: 24134450
E-mail: zane@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street
Wilton Manors, Florida 33305
Phone: 813-340-8838

COUNSEL FOR PLAINTIFF